# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN J. CASTELLANO,

        Plaintiff,

v.

REBECCA MAHIN and WISCONSIN DEPARTMENT OF CORRECTIONS DIVISION OF COMMUNITY CORRECTIONS,

        Defendants.

Case No. 17-CV-294-JPS

**ORDER**

On March 30, 2017, the Court dismissed this action for Plaintiff's failure to pay his initial partial filing fee ("IPFF") as required by the *in forma pauperis* statute and the Prisoner Litigation Reform Act. *See* 28 U.S.C. § 1915(a) and (b). On April 4, 2017, Plaintiff filed a motion for reconsideration of that decision. (Docket #12). Plaintiff fails to cite any legal support for his reconsideration request. *Id.* Only two rules potentially apply, however, and neither aids Plaintiff here.

Federal Rule of Civil Procedure ("FRCP") 60(b) offers relief from a court's orders or judgments if a party can show "the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or 'any other reason justifying relief from the operation of the judgment.'" *Tylon v. City of Chicago*, 97 F. App'x 680, 681 (7th Cir. 2004) (quoting FRCP 60(b)(6)).[1] Such relief "is an extraordinary remedy and is

---

[1] Tylon quotes the previous version of FRCP 60(b)(6), but the verbiage change in 2007 was not intended to be substantive. See Fed. R. Civ. P. 60, Advisory Committee Notes, 2007 Amendment.

granted only in exceptional circumstances." *Harrington v. City of Chicago*, 443 F.3d 542. 546 (7th Cir. 2006).

Plaintiff's motion states that "through no fault of mine" he could not meet the IPFF payment deadline. (Docket #12 at 1). He provides a timeline of events related to his IPFF payment, where he apparently relied on his brother to make the payment. *Id.* at 2. This is no excuse; Plaintiff alone is responsible for paying his filing fees. If he chooses to ask for help from a third party, he bears the risk that the person will not timely pay the fee. In any event, Plaintiff fails to address any of the specific FRCP 60(b) grounds for relief. *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014) ("The district court does not abuse its discretion by denying a Rule 60(b) motion that is not based on one of the specified grounds for relief."); *Monzidelis v. World's Finest Chocolate, Inc.*, 92 F. App'x 349, 353 (7th Cir. 2004) (FRCP 60(b) motion denied because the movant "failed to even *argue* that mistake, excusable neglect, newly discovered evidence, fraud, or other exceptional circumstances had undermined the legitimacy of the prior judgment.") (emphasis in original). Plaintiff's motion does not present the exceptional circumstances required by FRCP 60(b).

The other potentially applicable rule is FRCP 59(e). *See Obreicht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir 2008). "A Rule 59(e) motion will be successful," the Court of Appeals holds, "only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013) (quotation omitted). Plaintiff does not even suggest that the Court committed a manifest error of law or fact. To the extent Plaintiff would argue that his dealings with his brother constitute new evidence, the Court again rejects that excuse.

In sum, the plaintiff's motion does not merit relief under either FRCP 60(b) or 59(e), and must therefore be denied. Plaintiff also filed two motions for extensions of time related to the IPFF payment. (Docket #10 and #11). They arrived after the Court's judgment was issued, and make the same arguments as the motion for reconsideration. *Id.* They will be denied for the same reasons.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #12) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motions for an extension of time (Docket #10 and #11) be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of April, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge